UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Emiliano Montiel
and other similarly situated individuals,

      Plaintiff(s),

v.

AF Masonry Inc.,
Arturo Fuentes, and
Maribelle B. De La Fuente,
individually,

      Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

      Comes now the Plaintiff Emiliano Montiel, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants AF Masonry Inc., Arturo Fuentes, and Maribelle B. De La Fuente, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Emiliano Montiel is a resident of Polk County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant AF Masonry Inc. (from now on AF Masonry, or Defendant) is a Florida corporation, having a place of business in Hillsborough County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual Defendants Arturo Fuentes and Maribelle B. De La Fuente were and are now the owners/partners/officers and Managers of Defendant Corporation AF Masonry. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Hillsborough County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Emiliano Montiel as a collective action to recover from the Defendants overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who

worked more than forty (40) hours during one or more weeks on or after March 2019, (the "material time") without being adequately compensated.

7. Defendant AF Masonry is a construction company specialized in foundations, structures, exteriors building, and general construction work. Defendants' business is located at 13860 US Hwy. 92 East, Dover, FL 33527, where Plaintiff worked.

8. Defendants AF Masonry, Arturo Fuentes, and Maribelle B. De La Fuente employed Plaintiff Emiliano Montiel as a non-exempted, full-time construction employee, from approximately August 6, 2017, to March 04, 2022, or more than 4 years.   However, for FLSA's purposes, Plaintiff's relevant time of employment is 116 weeks.

9. Plaintiff had two periods of employment with Defendants, and he worked as follows:

10. 1.- <u>First Period, from March 11, 2019, to January 31, 2021, or 99 weeks</u>, Plaintiff worked 6 days per week as a construction laborer. From Monday to Friday, Plaintiff worked from 7:00 AM to 6:30 PM (11.5 hours daily), on Saturdays, Plaintiff worked from 7:00 AM to 1:00 PM. Plaintiff worked a total of 60.5 hours weekly. Plaintiff has already deducted 3 hours of lunchtime taken 3 times weekly. For the remaining days, Plaintiff was not able to take bonafide lunchtime. Plaintiff was paid $900.00 weekly.

11. From approximately February 01, 2021, to October 31, 2021, or 39 weeks, Plaintiff did not work for Defendants.

12. 2.- Second Period, from November 01, 2021, to March 04, 2022, or 17 weeks, Plaintiff continued his work as a construction laborer 6 days per week Almost the same schedule. On Saturdays, Plaintiff worked from 7:00 AM to 2:00 PM. However, this time Plaintiff was assigned a new duty as a driver. Plaintiff was given a company truck, and he began to transport construction laborers to AF Masonry's worksite. Plaintiff drove a company truck, picking up workers at 5:30 AM. Plaintiff arrived with the crew at the worksite and began to work at 7:00 AM. Plaintiff ended his construction shift at 6:30 PM, and then he had to transport each construction worker back to his pick-up point. Plaintiff arrived home driving the company truck at 8.30 PM. In his second period, Plaintiff worked a minimum of 82.5 hours per week (Plaintiff has already deducted 3 hours of the lunchtime that he took during the week). Plaintiff was paid $1,500.00 per week.

13. Consequently, Plaintiff was employed by Defendants for a total of 116 weeks.

14. In his first period, Plaintiff worked a total of 99 weeks with 60.5 hours. Plaintiff was paid $900.00 weekly. In his second Period, Plaintiff worked a total of 17 weeks with 82.5 hours. Plaintiff was paid $1,500.00 weekly.

15. During his employment with Defendants, Plaintiff always worked in excess of 40 hours per week, but he was not paid for overtime hours. Plaintiff was paid the same amount regardless of the hours worked.

16. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities, and they knew the number of hours that Plaintiff and others similarly situated individuals were working.

17. Plaintiff worked under the supervision of the business owners Arturo Fuentes and Maribelle B. De La Fuente.

18. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly with checks, and without paystubs providing basic information about the real number of days and hours worked, wage rate paid, employee taxes withheld, etc.

20. Plaintiff was not in agreement with his extended working hours, the unpaid hours driving around with the construction laborers and the lack of payment for overtime hours. Thus, on or about February 25, 2022, he complained verbally to the business owner, Arturo Fuentes, about these

issues and demanded to be paid for overtime hours. The owner of the business refused to pay overtime hours and got very upset.

21. On or about March 04, 2022, Plaintiff requested verification of employment letter, but the owner of the business, Maribelle B. De La Fuente, told Plaintiff, "I will not give you any letter. You don't work here anymore". On the same day, Defendants also fired Plaintiff's wife, Flor Mendez, who also worked for them.

22. Plaintiff Emiliano Montiel seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

26. Plaintiff Emiliano Montiel re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. Defendant AF Masonry was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee and driver. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

29. Defendants AF Masonry, Arturo Fuentes, and Maribelle B. De La Fuente employed Plaintiff Emiliano Montiel as a non-exempted, full-time construction employee from approximately August 6, 2017, to March 04, 2022, or more than 4 years.    However, for FLSA's purposes, Plaintiff's relevant time of employment is 116 weeks.

30. Plaintiff had two periods of employment with Defendants, and he worked as follows:

31. 1.- <u>First Period, from March 11, 2019, to January 31, 2021, or 99 weeks</u>, Plaintiff worked 6 days per week as a construction laborer a total of 60.5 hours weekly. Plaintiff has already deducted 3 hours of lunchtime taken 3 times weekly. For the remaining days, Plaintiff was not able to take bonafide lunchtime. Plaintiff was paid $900.00 weekly.

32. From approximately February 01, 2021, to October 31, 2021, or 39 weeks, Plaintiff did not work for Defendants.

33. 2.- <u>Second Period, from November 01, 2021, to March 04, 2022, or 17 weeks</u>, Plaintiff continued his work as a construction laborer 6 days per week, almost the same schedule. On Saturdays, Plaintiff worked from 7:00 AM to 2:00 PM. However, this time Plaintiff was assigned a new duty as a driver. Plaintiff was given a company truck, and he began to transport construction laborers to AF Masonry's worksite. Plaintiff drove a company truck, picking

up workers at 5:30 AM. Plaintiff arrived at the worksite and began to work at 7:00 AM. Plaintiff ended his construction shift at 6:30 PM, and then he had to transport each construction worker back to his pick-up point. Plaintiff arrived home driving the company truck at 8.30 PM. In his second period, Plaintiff worked a minimum of 82.5 hours per week (Plaintiff has already deducted 3 hours of the lunchtime that he took during the week). Plaintiff was paid $1,500.00 per week.

34. Consequently, Plaintiff was employed by Defendants for a total of 116 weeks. In his first period, Plaintiff worked a total of 99 weeks with 60.5 hours. Plaintiff was paid $900.00 weekly. In his second Period, Plaintiff worked a total of 17 weeks with 82.5 hours. Plaintiff was paid $1,500.00 weekly.

35. During his employment with Defendants, Plaintiff always worked in excess of 40 hours per week, but he was not paid for overtime hours. Plaintiff was paid the same amount regardless of the hours worked.

36. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. They knew the number of hours that Plaintiff and others similarly situated individuals were working.

37. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid weekly with checks, without paystubs providing basic information about the real number of days and hours worked, wage rate paid, employee taxes withheld, etc.

39. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated. The compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

42. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and the

best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Twenty-One Thousand Six Hundred Sixty-One Dollars and 09/100 ($21,661.09)

b. <u>Calculation of such wages</u>:

Total period of employment: 116 weeks
Relevant weeks of employment:  116 weeks

**1.- O/T First Period, from March 11, 2019, to January 31, 2021, or 99 weeks**

Total relevant weeks: 99 weeks
Total hours worked: 60.5 hours weekly
Total unpaid O/T hours:  20.5 overtime hours weekly
Paid: $900.00 weekly: 60.5 hours=$14.88 an hour
Regular rate: $14.88 x 1.5=$22.32 O/T rate
O/T rate $22.32-$14.88 O/T rate paid=$7.44 half-time difference
Unpaid half-time: $7.44 for every O/T hour

$7.44 x 20.5 O/T hours=$152.52 weekly x 99 weeks=$15,099.48

**2.- O/T 2nd Period, from November 01, 2021, to March 04, 2022, or 17 weeks**

Total relevant weeks: 17 weeks
Total hours worked: 82.5 hours weekly
Total unpaid O/T hours:  42.5 overtime hours weekly
Paid: $1,500.00 weekly: 82.5 hours=$18.18 an hour
Regular rate: $18.18 x 1.5=$27.27 O/T rate
O/T rate $27.27-$18.18 O/T rate paid=$9.09 half-time difference
Unpaid half-time: $9.09 for every O/T hour

$9.09 x 42.5 O/T hours=$386.33 weekly x 17 weeks=$6,567.61

Total #1 and #2:  $21,661.09

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.

43. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

44. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

45. At times mentioned, individual Defendants Arturo Fuentes and Maribelle B. De La Fuente were, and are now, the owners/partners/managers of AF Masonry. Defendants Arturo Fuentes and Maribelle B. De La Fuente were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in AF Masonry's interests concerning

its employees, including Plaintiff and others similarly situated. Defendants Arturo Fuentes and Maribelle B. De La Fuente had financial and operational control of the business determined Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

46. Defendants AF Masonry, Arturo Fuentes, and Maribelle B. De La Fuente willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Emiliano Montiel and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Emiliano Montiel and other similarly situated individuals and against the Defendants AF Masonry, Arturo Fuentes, and Maribelle B. De La Fuente based on Defendants' willful

violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B.  Award Plaintiff Emiliano Montiel actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Emiliano Montiel demands trial by a jury of all issues triable as of right by a jury.

## **COUNT II:**
## **FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3)**

48. Plaintiff Emiliano Montiel re-adopts every factual allegation stated in paragraphs 1-25 of this complaint as if set out in full herein.

49. Defendant AF Masonry was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a construction Company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for

commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

50. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a construction employee and driver. Plaintiff handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

51. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

52. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

53. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee

because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendants AF Masonry, Arturo Fuentes, and Maribelle B. De La Fuente employed Plaintiff Emiliano Montiel as a non-exempted, full-time construction employee for two periods for a total of 116 weeks.

55. Plaintiff worked as follows:

56. 1.- <u>First Period, from March 11, 2019, to January 31, 2021, or 99 weeks</u>, Plaintiff worked 6 days per week as a construction laborer a total of 60.5 hours weekly. Plaintiff has deducted already 3 hours of lunchtime taken 3 times weekly. Plaintiff was paid $900.00 weekly.

57. 2.- <u>Second Period, from November 01, 2021, to March 04, 2022, or 17 weeks</u>, Plaintiff continued his work as a construction laborer 6 days per week, almost the same schedule. On Saturdays, Plaintiff worked from 7:00 AM to 2:00 PM. However, this time Plaintiff was assigned a new duty as a driver, transporting construction laborers to AF Masonry's worksite. Plaintiff picked up workers at 5:30 AM. Plaintiff arrived at the worksite began to work at 7:00 AM. Plaintiff ended his construction shift at 6:30 PM, and then he had to transport each construction worker back to his pick-up point. Plaintiff arrived home driving the company truck at 8.30 PM. In his second

period, Plaintiff worked a minimum of 82.5 hours per week. (Plaintiff was paid $1,500.00 per week.

58. Consequently, Plaintiff was employed by Defendants a total of 116 weeks.

59. In his first period, Plaintiff worked a total of 99 weeks with 60.5 hours. Plaintiff was paid $900.00 weekly. In his second Period, Plaintiff worked a total of 17 weeks with 82.5 hours. Plaintiff was paid $1,500.00 weekly.

60. During his employment with Defendants, Plaintiff always worked in excess of 40 hours per week, but he was not paid for overtime hours. Plaintiff was paid the same amount regardless of the hours worked.

61. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. They knew the number of hours that Plaintiff and others similarly situated individuals were working.

62. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

63. Plaintiff was paid weekly with checks, and without paystubs providing basic information about the real number of days and hours worked, wage rate paid, employee taxes withheld, etc.

64. Plaintiff was not in agreement with his extended working hours, the unpaid hours driving around with the construction laborers and the lack of payment for overtime hours.

65. Thus, on or about February 25, 2022, Plaintiff complained verbally to the owner of the business, Arturo Fuentes, and demanded to be paid for overtime hours. The owner of the business refused to pay overtime hours and got very upset.

66. This complaint constituted protected activity under the FLSA.

67. However, on or about March 04, 2022, Plaintiff requested verification of employment letter. As a response, the owner of the business, Maribelle B. De La Fuente, told Plaintiff, "I will not give you any letter. You don't work here anymore".

68. Defendants not only fired Plaintiff. On the same day, Defendants also fired Plaintiff's wife, Flor Mendez, who worked for them too.

69. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him and his wife, Flor Mendez.

70. There is close proximity between Plaintiff's protected activity and his termination.

71. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

72. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

73. At times mentioned, individual Defendants Arturo Fuentes and Maribelle B. De La Fuente were, and are now, the owners/partners/managers of AF Masonry. Defendants Arturo Fuentes and Maribelle B. De La Fuente were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in AF Masonry's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Arturo Fuentes and Maribelle B. De La Fuente had financial and operational control of the business determined Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

74. Plaintiff Emiliano Montiel has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Emiliano Montiel respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants AF Masonry, Arturo Fuentes, and Maribelle B. De La Fuente that Plaintiff Emiliano Montiel recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants AF Masonry, Arturo Fuentes, and Maribelle B. De La Fuente to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Emiliano Montiel further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Emiliano Montiel demands trial by a jury of all issues triable as of right by a jury.

Dated:  March 16, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*