UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EMILIANO MONTIEL,**

    Plaintiff,

v.                                              Case No: 8:22-cv-612-MSS-CPT

**AF MASONRY, INC., ARTURO FUENTES and MARIBELLE B. DE LA FUENTE,**

    Defendants.

_____

**ORDER OF DISMISSAL WITH PREJUDICE**

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice ("the Motion"). (Dkt. 18) The Parties request that the Court approve the settlement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims and dismiss this case with prejudice. (Id.)

An FLSA claim can be settled and resolved in one of two ways. First, an employee may settle and waive an FLSA claim if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive an FLSA claim if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To

approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

In August 2017, Plaintiff Emiliano Montiel was hired to work for Defendants AF Masonry, Arturo Fuentes, and Maribelle B. De La Fuente as a construction employee. (Dkt. 1 at ¶ 8) Plaintiff commenced this putative collective action against Defendants for, inter alia, allegedly violating the FLSA when Defendants retaliatorily discharged him and failed to pay him overtime wages. (Dkt. 1) Defendants deny these allegations. (Dkt. 18) Now, the Parties represent that they have reached an agreement to resolve the dispute. (Id.)

In exchange for, inter alia, a release from all liability, Defendants have agreed to pay a Settlement Sum of $19,000, payable as follows: (a) $12,500.00 to the Plaintiff; (b) $6,000.00 to Plaintiff's Counsel in attorney's fees; and (c) $500.00 to Plaintiff's Counsel for reimbursement of costs. (Dkt. 18-1) The settlement sum is to be paid according to the disbursement plan outlined in paragraph 1.(E) of the Settlement Agreement. (Id.) The Parties represent that the Settlement Agreement reflects a fair and reasonable resolution of the disputed claims, especially considering the disputed facts, the defenses raised, costs of litigation, and the uncertainty of trial. (Id. at 7) The Parties further advise that they negotiated the attorney's fees and costs figure separately from Plaintiff's underlying damages. (Id.)

Upon review of the Settlement Agreement, the Court finds that the Parties' Settlement Agreement is fair and reasonable. The Court's approval of this Settlement

- 3 -

Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

**DONE and ORDERED** in Tampa, Florida, this 25th day of August 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party